# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **MARY JANE CAROL TRAHAN** | **\*CIVIL ACTION NO. 08-1562** |
| **VERSUS** | **\*JUDGE DOHERTY** |
| **DEVON ENERGY PRODUCTION CO., ET AL**. | **\*MAGISTRATE JUDGE HILL** |

## MEMORANDUM RULING

Pending before the undersigned is the plaintiffs' Motion to Remand this suit to the 14th Judicial District Court. [rec. doc.25]. Defendants, Andarko E & P Company, LP, Pacific Resources Company, RME Petroleum Company, Devon Energy Production Company, LP, Edge Petroleum Exploration Company, Chevron Corporation, Hilcorp Energy Company, Sandifer Oil & Gas, Inc. and Michael F. Miley, (collectively the "defendants") have filed opposition. [rec. doc. 35]. Oral argument was heard on December 17, 2008. For the following reasons, the Motion to Remand will be **GRANTED,** subject to the stay set forth in the accompanying order**,** and accordingly, this lawsuit will be remanded to state court.

## BACKGROUND

This action was filed in a Louisiana state court on September 11, 2008 by a group of thirty plaintiffs who allege that they (or their ancestors) own mineral rights on property which was leased to one of the defendants (or a defendant's ancestor), and that these leases were subsequently assigned to other defendants. The plaintiffs further allege that

the defendant companies failed to use reasonable care to develop and operate the leased property as a reasonably prudent operator, resulting in a loss of production. Accordingly, the plaintiffs seek a judgement against the defendants, *in solido*, for all damages (including lost revenues, royalties and devaluation of their property interests) they suffered as a result of the defendants' negligence, imprudence, want of skill, neglect, and unworkmanlike performance, which are alleged to be in violation of both legal and contractual duties owed to the plaintiffs.

The defendants removed this action on October 17, 2008 alleging diversity and bankruptcy jurisdiction under 28 U.S.C. § 1332(a)(1) and 1334(b), respectively, as the basis for removal. [rec. doc. 1]. While acknowledging that defendants L.G. Sullivan ("Sullivan") and Michael F. Miley ("Miley") are Louisiana citizens, the defendants' allege that their citizenship should be ignored because they have been improperly joined in this action in that plaintiffs have no reasonable basis for recovery against them because neither Sullivan nor Miley owe any obligations to the plaintiffs under the leases. Alternatively, the defendants assert that this matter relates to Miley's bankruptcy action which was filed in 1992, from which Miley was discharged in 1993.

The instant Motion to Remand was filed on November 7, 2008. In the instant Motion plaintiffs contend that both Sullivan and Miley have been properly joined as defendants. Specifically, they assert that under article 129 of the Louisiana Mineral Code (La.R.S. 31:129) both Sullivan and Miley were not relieved of their obligations as lessees

when they assigned their leases, and that even if they were acting as brokers, under Louisiana law (La.C.C. art. 3017) their undisclosed status does not relieve them of liability. They further assert that this court does not have bankruptcy jurisdiction because Miley's bankruptcy proceeding had been closed years before the instant suit was filed, and, therefore, there is no bankruptcy estate which this action could be "related to" as is required for bankruptcy jurisdiction to attach. Moreover, the plaintiffs assert that even if bankruptcy jurisdiction exists, this court should mandatorily abstain from exercising that jurisdiction pursuant to 28 U.S.C. § 1334(c).

## LAW AND ANALYSIS

"Federal courts are courts of limited jurisdiction. We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). Here, the removing defendants have not met their burden in this case. Accordingly, this court lacks jurisdiction and this case will be remanded.

**Diversity Jurisdiction**

The removal statute provides in pertinent part:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b).

In cases which are removed based on diversity, it is axiomatic that no defendant may be a citizen of the forum state.  28 U.S.C. § 1441(b); *Caterpillar Inc. v. Lewis*, 117 S.Ct. 467, 469, 473 (1996).  Thus, when there is a single defendant who is a citizen of the forum state present, removal on the basis of diversity jurisdiction is barred.  *Id*.  Similarly, in a case with multiple plaintiffs and multiple defendants complete diversity is required.  *Id*.; *Exxon v. Allapattah*, 125 S.Ct. 2611, 2617 (2005).  Moreover, in diversity cases,  a single non-diverse party "destroys original jurisdiction with respect to all claims" in the action. *Id.* at 2618.  An exception to the rule of complete diversity applies when a non-diverse defendant is improperly joined in order to defeat the court's diversity jurisdiction.

It is undisputed that both Sullivan and Miley are original lessees on mineral leases involved in this litigation.[1]   It is equally undisputed that both Sullivan and Miley are citizens of Louisiana.  The removing defendants contend that the presence of these non-diverse defendants should be disregarded because they have been improperly joined to defeat this court's diversity jurisdiction.

The Fifth Circuit has recognized two ways for the removing party to establish improper joinder: "actual fraud in the pleading of jurisdictional facts," or an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Central Railroad Company,* 385 F.3d 568, 573 (5th Cir. 2004) (*en*

---

[1]Although the removing defendants apparently contested Sullivan's status as a lessee in the Notice of Removal, the plaintiffs have produced evidence establishing that Sullivan was the original lessee on a lease executed by plaintiff Allen L. Carroll (a.k.a Allen C. Carroll). [rec. doc. 36-4].  During oral argument this evidence was not contested, and accordingly, Sullivan's status as a lessee is uncontradicted.

*banc*) *citing Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003) *citing Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999).[2]  The removing party's burden of proving improper joinder is "heavy."  *Smallwood,*  385 F.3d at 574.  Here, the removing defendants do not contend that there was any fraud in the pleading of jurisdictional facts.  The removing defendants, however, focus on the second basis for improper joinder.   In resolving this issue, this court must determine,

> whether the defendant has demonstrated that there is *no possibility of recovery* by the plaintiff against an in-state defendant, which stated differently means that there is *no reasonable basis* for the district court to predict that the plaintiff might be able to recover against the in-state defendant.

*Smallwood,* 385 F.3d at 573 *citing Travis,* 326 F.3d at 648 (emphasis added; internal citation and quotations omitted).  Where the evidence viewed in the light most favorable to the plaintiff at least raises the possibility that the plaintiff could succeed in establishing a claim against the Louisiana defendant under Louisiana law, remand is required. *Ford v. Elsbury*, 32 F.3d 931, 939 (5th Cir.1994).

The removing defendants argue that Sullivan's citizenship should be ignored because under Louisiana law the plaintiff has no reasonable basis for recovery against her.  That argument is contrary to Louisiana law.

---

[2]In *Smallwood*, while sitting *en banc*, the Fifth Circuit adopted the term "improper joinder" rather than the term "fraudulent joinder" used in prior cases, noting that "there is no substantive difference between the two terms." *Id*. at 571 fn. 1. The undersigned also prefers the term "improper" joinder.

The record establishes that plaintiff, Allen L. Carroll (a.k.a. Allen C. Carroll), was the lessor on a lease to Sullivan, which was later assigned to a third party. [rec. doc. 25-2, pg. 1-6]. Louisiana law provides that mineral lessees owe an obligation to develop and operate the leased property as a reasonably prudent operator. La.R.S. 31:122. This obligation is not extinguished upon a lessees' assignment or appointment of a successor "unless the lessor has discharged him expressly and in writing." La.R.S. 31:129. In this case, there is no express written discharge of Sullivan.

Furthermore, to the extent that the defendants assert that Sullivan was acting as an undisclosed agent, that argument is likewise foreclosed under Louisiana law. Louisiana Civil Code article 3017 provides that a "mandatary who contracts in his own name without disclosing his status as a mandatary binds himself personally for the performance of the contract." The record establishes that Sullivan contracted in her own name and did not disclose to Carroll that she was acting as a broker or an agent for a third party.[3]

Finally, Miley's bankruptcy and discharge therein has no effect on Sullivan's liability under the lease.

For these reasons, the removing defendants have not satisfied their burden of demonstrating that there is no possibility of recovery by the plaintiffs against Sullivan. To the contrary, in accordance with the above analysis, under Louisiana law, there is a

---

[3]The defendant uses the term "broker" to refer to Sullivan's status. If by the use of this term, defendant means a person who acquires property with the intention of later selling or assigning it, then clearly the "broker" remains liable under Louisiana law unless released in writing. La.R.S. 31:129.

reasonable basis for recovery against Sullivan.  Thus, because Sullivan is non-diverse, this Court cannot exercise diversity jurisdiction over this case.

**Bankruptcy Jurisdiction**

A case filed in state court may be removed to federal court if the federal court has bankruptcy jurisdiction under 28 U.S.C. § 1334.  28 U.S.C. § 1452(a)[4].  Under § 1334, bankruptcy jurisdiction exists in four types of cases, "cases under title 11", "proceedings arising under title 11", proceedings "arising in" a case under title 11 and proceedings "related to" a case under title 11.  *In re Canion*, 196 F.3d 579, 584 (5th Cir. 1999) *citing* 28 U.S.C. § 1334.  The first category refers to the bankruptcy petition itself and accordingly is inapplicable in the present case.  *See Canion*, 196 F.3d at 584.  The latter three categories operate conjunctively to define the scope of this court's bankruptcy jurisdiction.  *Matter of Wood*, 825 F.2d 90, 96 (5th Cir. 1987); *Matter of Walker*, 51 F.3d 562, 568-569 (5th Cir. 1995).  Accordingly, to determine whether a particular matter falls within this court's bankruptcy jurisdiction, "it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." *Walker,* 51 F.3d at 569 *citing Wood*, 825 F.2d at 93.

---

[4] 28 U.S.C. § 1452(a) provides:
A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim under section 1334 of this title.

In the Fifth Circuit, the test for determining whether a proceeding is "related to" a proceeding under Title 11, and hence properly invokes federal bankruptcy jurisdiction, is whether "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Arnold v. Garlock,* 278 F.3d 426, 434 (5th Cir. 2001) *quoting Canion*, 196 F.3d at 585. "Certainty, or even likelihood of such an effect is not a requirement." *Id. quoting Canion*, 196 F.3d at 587 n. 30 *citing Copelin v. Spirco, Inc.*, 182 F.3d 174 (3rd Cir.1999).

"An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) *and* which in any way impacts upon the handling and administration of the bankrupt estate.' " *Walker*, 51 F.3d at 569 *quoting In re Majestic Energy Corp*., 835 F.2d at 90 (emphasis added). "This test is obviously conjunctive: For jurisdiction to attach, the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of action of the debtor, *and* (2) have an effect on the administration of the estate." *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999) (emphasis added). "To fall within the court's jurisdiction, the plaintiffs' claims must affect the estate, not just the debtor." *Id. citing Wood*, 825 F.2d at 94. Thus, when the bankruptcy estate no longer exists because the bankruptcy proceedings have been closed prior to the filing of a plaintiff's lawsuit, the action falls outside of this

court's jurisdiction; there is no bankruptcy estate to affect.[5]  *Id.*

That is the case here.  The bankruptcy estate no longer exists.  Miley's bankruptcy case was closed in 1993, years before the plaintiffs commenced their action in state court. Therefore, there is no bankruptcy estate to be affected.  As such, this court does not have bankruptcy jurisdiction under 28 U.S.C. § 1334.

Moreover, the plaintiffs' claim against Miley is invalid and therefore, no "related to" jurisdiction could exist in this case.  *See Arnold*, 278 F.3d at 435.  The record demonstrates that the lease entered into by Miley contains an express written discharge of Miley's obligations as a lessee accruing under the lease.[6]  The record further reveals that Miley assigned his rights in the lease to a third party in 1987, years prior to the initiation of this lawsuit.  [rec. doc. 25-2, pg. 7-15].  Although the plaintiffs argue that this "anticipatory discharge" in the lease is not sufficient to discharge Miley of his obligations upon assignment of the lease, plaintiffs cite no jurisprudence to support this argument, nor has the undersigned's research found any.  Accordingly, the undersigned cannot accept this argument.  The provision in Miley's lease clearly satisfies the requirements of Mineral Code article 129.  Accordingly, since plaintiffs have no valid claim against

---

[5]The Court in *Bass* held that for "related to" bankruptcy jurisdiction to attach, "the action must . . . have an effect on the administration of the estate . . . .  [the action] could not have any effect whatsoever on [the debtor's] estate in bankruptcy or its administration  . . . . [when] such an estate no longer exists. The . . . bankruptcy proceedings were closed before the [plaintiffs] ever filed suit . . . .  So, from the beginning of this litigation there has been no bankruptcy estate to affect."  *Id*. at 1022.  The Court concluded, "[a]gain, by the time this dispute commenced, the Debtor had no such estate anywhere." *Id*. at 1023.

[6].  The lease contains the following provision "[i]n the event Lessee hereunder at any time assigns his entire interest in this lease to a third party or parties said Lessee shall, as of that date, be relieved of all obligations thereafter accruing under this lease." [rec. doc. 1-3, pg. 1].

9

Miley, the defendants' assertion of bankruptcy jurisdiction fails.

Finally, even if Bankruptcy jurisdiction did exist in this case, the court would abstain from exercising that jurisdiction pursuant to 28 U.S.C. § 1334(c). Section 1334 provides for two types of abstention: discretionary abstention under § 1334(c)(1) and mandatory abstention under § 1334(c)(2). *Arnold*, 278 F.3d at 444. Under the "permissive abstention" doctrine, 28 U.S.C. § 1334(c)(1), courts have broad discretion to abstain from hearing state law claims whenever appropriate "in the interest of justice, or in the interest of comity with State courts or respect for State law." *Mater v. Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996). Under the "mandatory abstention" doctrine, § 1334(c)(2), however, courts must abstain from hearing a state law claim for which there is no independent basis for federal jurisdiction other than § 1334(b) "if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." *Id*. Mandatory abstention applies only to non-core proceedings – that is, proceedings "related to a case under title 11," but not "arising under title 11, or arising in a case under title 11." 28 U.S.C. §§ 157(b)(1) & 1334(c)(2). *Id*. A court, however, may abstain at its discretion from deciding either core or non-core proceedings under § 1334(c)(1) if the interests of justice, comity, or respect for state law so require. *Id*.

In this case, diversity jurisdiction does not exist and there is no other independent basis for federal jurisdiction other than under § 1334(b). Plaintiffs' claims present issues of state law, which had been properly asserted in the Louisiana Fifteenth Judicial District

Court.  Accordingly, in the event that bankruptcy jurisdiction is present, the mandatory abstention doctrine is applicable.

**Request for Costs, Expenses and Attorney's Fees**

Plaintiffs also move under 28 U.S.C. § 1447(c) for an award of costs, expenses and attorney's fees against the removing defendants for improper removal of this case.  This court has discretion to award costs and expenses, including attorney's fees, incurred as a result of improper removal.  *Martin v. Franklin Capitol Corp*., 546 U.S.  132, 126 S.Ct.  704, 709 (2005); *Allstate Insurance Company v. Ford Motor Company*, 955 F.Supp. 667, 670 (W.D.La. 1996).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin*, 126 S.Ct. at 711 *citing Hornbuckle v. State Farm Lloyds,* 385 F.3d 538, 541 (5th Cir. 2004) and *Valdes v. Walmart Stores, Inc.,* 199 F.3d 290, 293 (5th Cir. 2000).  Under the unusual legal and factual circumstances presented in this case, the undersigned cannot find that the removal in this case was objectively unreasonable.  Accordingly, plaintiffs' request for costs, expenses and attorney fees will be denied.

<u>CONCLUSION</u>

Based on the foregoing, the removing defendants have not carried their burden of establishing that federal diversity or bankruptcy jurisdiction exists in this case and that removal was proper.  Accordingly, the plaintiffs' Motion to Remand will be **GRANTED,**

subject to the stay set forth in the accompanying order, and this lawsuit will be remanded to state court.  It is further ordered that plaintiffs' request for costs, expenses and attorney's fees will be **DENIED.**

Signed January 6, 2009, at Lafayette, Louisiana.

_C. Michael Hill_
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE